UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS RAY PENFIELD,<br><br>Defendant. | Nos. CR-04-165-JLQ<br>CV-07-209-JLQ<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING MOTION PURSUANT TO 28 U.S.C. §2255 |

The Defendant was arrested on July 29, 2004, and charged with five counts of possession of methamphetamine with intent to distribute. By reason of his five prior felony drug convictions and the quantity of drugs charged, the Defendant was facing a mandatory sentence of life, without parole. 21 U.S.C. 841(b)(1)(A)(viii).

The case was originally assigned to another judge and numerous continuances were granted. On February 24, 2005, this case was reassigned to the undersigned and a jury trial commenced on February 28, 2005. Throughout the pre-trial and trial proceedings, the Defendant was represented by his appointed attorney, Chris Bugbee, an experienced defense attorney and former Deputy Prosecuting Attorney. The Defendant continuously complained about the adequacy of Mr. Bugbee's representation, but those complaints were all rejected as being meritless.

Count 4 of the Superseding Indictment (C.R. 20) charged the Defendant with possession of more than 50 grams of pure methamphetamine with intent to distribute in violation of 21 U.S.C. 841(a)(1). On August 18, 2005 the Government had filed an

ORDER - 1

Information To Establish Prior Conviction (C.R. 18) which included documentation to clearly establish that the Defendant had five prior felony drug convictions. With two prior felony drug convictions and possession with intent to distribute 50 grams or more of pure methamphetamine, 21 U.S.C. 841(b)(1)(A))viii) mandated that the Defendant be sentenced to life in prison without the possibility of parole.. After two days of jury trial, the testimony of the government witnesses and the Defendant himself in which he admitted his distributions (C.R. 109), made it clear to the court, counsel, and the Defendant himself, that there was no reasonable possibility that the Defendant would be acquitted. The court pointed out to the Defendant and counsel the mandated life sentence which would have to be imposed if the Defendant was convicted. Counsel and the Defendant discussed other possible resolutions during the evening recess since they had apparently not focused upon the mandatory life sentence which would have to have been imposed had the trial proceeded and the Defendant found guilty.

On the morning of March 2, 2005, before resumption of the jury trial, counsel and the Defendant informed the court that they had reached a plea agreement that would avoid the requirement of a sentence of life without parole. Both the Government attorney and the defense attorney informed the court that they had not previously focused upon the mandatory sentence requirement, but that after further discussion by all, including the Defendant, had agreed to plead guilty to all charges in exchange for the Government withdrawing the Information of five prior felony drug convictions and filing a new Information alleging only one such conviction, thus avoiding a mandatory life sentence, but including a mandatory minimum sentence of not less than 20 years to life. The Defendant then entered his pleas of guilty to all five counts and the court then dismissed the trial jury Throughout the plea colloquy (C.R. 81), the college educated Defendant participated and acknowledged his complete understanding of the risk of a life sentence and the terms of the plea agreement. The Defendant, on several occasions expressed satisfaction with the representation provided by Mr. Bugbee. After

ORDER - 2

preparation and receipt of a Presentence Report, the court imposed the twenty year mandatory minimum sentence.

The Defendant unsuccessfully appealed his sentence which appeal was dismissed (C.R. 116) by reason of the Defendant having waived his right to appeal in the oral plea agreement. He now has filed this § 2255 action alleging "ineffective assistance of counsel," claiming innumerable instances of claimed failures on the part of Mr. Bugbee's representation. However, the Defendant has not included the facts of the record that the Government's witnesses and that of the Defendant himself had put him in a position of being subject to a mandatory sentence of life imprisonment. All of the claimed pre-trial and trial errors on the part of Mr. Bugbee could not change those facts and the almost inescapable life sentence the Defendant was facing. The efforts of Mr. Bugbee in the recess plea negotiations saved the Defendant from that life sentence and the Defendant himself, in the plea colloquy, expressed satisfaction with Mr. Bugbee's efforts and representation.

28 U.S.C. 2255 and Rule 4(b) of the Rules Governing Section 2255 Proceedings For The United States District Courts requires the judge who conducted the trial to examine the motion and "the record of prior proceedings" to determine whether the moving party is entitled to relief. If the trial judge determines that the record establishes that "the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." As the trial judge and having reviewed the trial transcripts which are on file herein, it is clear that the Defendant is not entitled to relief on his claim of ineffective assistance of counsel. The Defendant has not shown, nor can he, that any action or inaction on the part of Mr. Bugbee resulted in any prejudice to the Defendant. Rather than his assistance being ineffective, it was the effective assistance of counsel that saved Mr. Penfield from a mandatory sentence of life without parole.

The Motion For Appointment of Counsel and the Motion Pursuant To 28 U.S.C.

ORDER - 3

1 § 2255 are DISMISSED.

2 The Clerk of this court shall enter this Order, enter judgment dismissing the 28 U.S.C. 2255 Motion, forward copies to counsel and the Defendant and close this file and file No. CV-07-209-JLQ.

**DATED** this 8th day of August 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4